OPINION
{¶ 1} This is an appeal from a judgment of the Massillon Municipal Court.
{¶ 2} Appellant raises three Assignments of Error, to wit:
ASSIGNMENTS OF ERROR
 {¶ 3} THE TRIAL COURT ERRED IN ENTERING A DEFAULT JUDGMENT AGAINST DEFENDANT-APPELLANT WHERE DEFENDANT-APPELLANT WAS NOT SERVED WITH A WRITTEN NOTICE OF THE APPLICATION FOR DEFAULT AT LEAST SEVEN DAYS PRIOR TO THE HEARING.
 {¶ 4} THE TRIAL COURT ERRED IN FAILING TO DISMISS OR TRANSFER THE ACTION FOR LACK OF PROPER VENUE.
 {¶ 5} THE TRIAL COURT ERRED IN ENTERING A DEFAULT ENTRY WHERE `DEFENDANT-APPELLANT'S MOTION TO TRANSFER VENUE WAS STILL PENDING.
 I, II, III
{¶ 6} We decline to review the second and third Assignments of Error as these are premature in that the trial court did not rule on the issue of appropriate venue.
{¶ 7} The specific facts underlying the cause sub judice are not significant as to the procedural error asserted.
{¶ 8} As to the first Assignment of Error, the facts indicate that appellant entered an appearance with the filing of its motion to dismiss or, in the alternative, to transfer venue. The portion of the motion relating to dismissal was denied on August 15, 2001.
{¶ 9} No answer was filed.
{¶ 10} On October 12, 2001, appellee served a motion for default judgment on counsel for appellant.
{¶ 11} On October 16, 2001, the trial court entered a default judgment.
{¶ 12} Civil Rule 55(A) states:
 Civ.R. Default (A) Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
{¶ 13} The Ohio Supreme Court in AMCA International Corp. v.Carlton (1984), 10 Ohio ST.3d 88 has determined that compliance with the seven day period of Civ.R. 55(A) is mandatory.
{¶ 14} We therefore agree with the first Assignment of Error, reverse and vacate the Judgment Entry of default and remand for further proceedings.
By: BOGGINS, J. HOFFMAN, P.J. and GWIN, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Massillon Municipal Court is reversed and remanded for further proceedings. The Judgment Entry of Default is vacated. Costs to appellee.